IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Tammy Mayorga,<br>    An individual, | )<br>)<br>) | |
|     Plaintiff, | )<br>) | |
| v. | )<br>) | CIV-18-618-D |
| Tyson Foods, Inc.<br>    A foreign company<br>a/k/a/ Advance Pierre Foods | )<br>)<br>)<br>) | |
|     Defendant. | ) | |

## **COMPLAINT**

Comes Now, Plaintiff, Tammy Mayorga, by and through counsel and for her causes of action and states as follows:

1. Plaintiff is and has been at all material times a resident of the State of Oklahoma, within the venue of this court.

2. Defendant is and has been at all material times a foreign registered company, registered with the Oklahoma Secretary of State and doing business within the venue of this Court.

3. In approximately, summer of 2017, Defendant Tyson Foods, Inc. acquired AdvancePierre Foods, including the facility in Oklahoma.

4. Plaintiff was employed by Defendant at its Oklahoma facility as a meat packer, box maker, and marinator for approximately five years beginning on September 27, 2012.

5. On or about February 20, 2017, Plaintiff was terminated.

6. Prior to her termination, Plaintiff had two knee replacement surgeries. She last returned to work in September 2017 from such. At that time, Defendant claimed it had no position for her.

7. Plaintiff applied for unemployment in September 2017. After filing her claim, Defendant suddenly found a position for her in the marination department within a short time.

8. Plaintiff is native American.

9. While in the marinization department, Plaintiff's co-workers were largely Hispanic. Plaintiff's Hispanic co-workers frequently made comments, generally in Spanish, that Plaintiff was an "ignorant white lady," was "fat", "stupid", and a "cockroach."

10. Plaintiff requested the co-workers speak English in her presence, so she could determine what else they may be saying about her. The co-workers refused.

11. Plaintiff's Hispanic co-workers threatened her that if she reported their comments that things will "get ugly" for you.

12. Prior to her termination, Plaintiff reported her objections to the name calling, discrimination, and threats, to her supervisor Maria Quito. But, her only response was that she would not do anything about it, because they were her best workers.

13. Plaintiff then reported the the name calling, discrimination, and threats to the Human Resources Manager B.J. Straight, who claimed she would look into it, but no changes occurred.

14. Plaintiff then reported the matter to the Plant Superintendent Brian Blum. Mr. Blum claimed he would look into it, but no changes occurred.
15. Plaintiff was terminated within two weeks of reporting the matter to Mr. Blum.
16. At the time of her termination, Plaintiff's plastic glove came off her hand while working. When Plaintiff noticed it, she immediately stopped the line, so the item could be, and was, promptly found. Defendant terminated Plaintiff claiming she told her co-workers she intentionally threw the glove into the product. Plaintiff denied such accusation, and Defendant was aware of such denial before termination. Defendant waited approximately two weeks after the incident to terminate Plaintiff.
17. The reason for Plaintiff's termination was pretextual. Others had dropped items into the product without termination. In fact, only about a week before her termination, another worker dropped a meat hook into the product, and at other times other gloves, meat hooks, plastics, and bones were dropped into the product(s). Some of these were ground into the final product. Employees dropping these items were not terminated.

### Count 1: OESC Retaliatory Termination

18. All other paragraphs are incorporated herein.
19. 40 O.S. § 2-301 provides, in relevant part, "No employer shall directly or indirectly …discriminate in regard to the hiring or tenure of work on any term or condition of work of any individual on account of his claiming benefits under this act, or in any manner obstruct or impede the filing of claims for benefits." Such

discrimination in the "tenure of work" and "obstructing" and "impeding" employees in filing unemployment claims via terminating them is considered a criminal offense punishable by a fine up to $1,000 and six months imprisonment."

20. 23 O.S. § 3 provides that "Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefore in money, which is called damages."

21. Plaintiff was terminated in February 2018 because of her successful challenge in seeking OESC benefits following her September 2017 separation of employment.

22. Plaintiff's termination violated well-defined and dominate public policy and Oklahoma law.

### Count 2: Title VII Retaliatory Discharge

23. All other paragraphs are incorporated herein.

24. Defendant is an employer having more than 15 employees.

25. Prior to her termination, Plaintiff opposed discrimination based on protected status, including her Native American heritage, national origin, and retaliation by and from her Hispanic co-workers. me. Plaintiff engaged in protected opposition to unlawful employment practices under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3

26. Defendant was aware of her opposition to discriminatory and retaliatory unlawful employment practices.

27. Defendant advised Plaintiff's co-workers that she accused them of discriminatory conduct. The co-workers then repetitively referred to Plaintiff as a "snitch" or a "rat." Management failed and refused to put a stop to such conduct.

28. Plaintiff suffered tangible adverse employment action as a result of his protected opposition. Defendant terminated Plaintiff in retaliation for her opposition to unlawful employment practices.

29. There is a causal connection between the protected opposition and the adverse employment action, including disparate treatment, failure to follow defendant's policies in termination, and use of pretextual reasons for termination.

30. But for her protected activity, Plaintiff would not have been fired.

### Count 3: Discrimination

31. All other paragraphs are incorporated herein.

32. Defendant is an employer having more than 15 employees.

33. Plaintiff was discriminated against because of her national origin and race in suffering repetitive, constant, and frequent insults and threats from her Hispanic co-workers because of her actual native American ancestry, or her perceived status of being "white." The nature and frequency of these events was so significant and repetitive so as to alter the terms and conditions of Plaintiff's employment.

34. Defendant failed, refused, and condoned the hostile and discriminatory actions and comments toward Plaintiff.

### Damages

35. The acts and conduct of Defendant, described above, were malicious, spiteful, and in willful and reckless disregard for the legal rights of another.

36. Defendant at all material times had in excess of 500 employees.

37. The acts and conduct of Defendant, described above, are the proximate cause of compensatory damage to Plaintiff, including loss of earnings and benefits, out of pocket costs otherwise covered by insurance, loss of earning capacity, emotional distress, pain of mind and body, all in an amount in excess of $75,000.00, excluding costs, fees, and interest.

Wherefore, Plaintiff prays that judgment be rendered in her favor and against Defendant in an amount in excess of $75,000.00, together with back-pay, interest, costs, expenses, attorney fees, reinstatement or front pay as appropriate, liquidated damages equal to all lost salary, wages, employment benefits, and other compensation denied as a result of termination, and any and all other legal or equitable relief to which she is entitled.

Jury Trial Demanded

Attorney Lien Claimed

                                Respectfully Submitted,

                                 _s/Loren Gibson_____
                                Loren Gibson, OBA 14348
                                Gibson & Associates, P.L.C.
                                105 N. Hudson, Suite 312
                                Oklahoma City, OK 73102
                                405/270-0900
                                405/270-0903 (fax)
                                Counsel for Plaintiff